**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**DAVID MÉNDEZ-CÁRDENAS,**<br>Defendant. | Criminal No. 25-291 (ADC) (MBA) |

**REVISED REPORT AND RECOMMENDATION**

Before the Court is (once again) Defendant David Méndez-Cárdenas's motion to dismiss the Indictment. (ECF No. 30). After a Report and Recommendation ("R&R") was issued, the case was referred back so that I could consider new evidence, namely, the appeals package. (*See* ECF No. 52, 57). In my earlier R&R as to Méndez's Motion to Dismiss the Indictment, I recommended that the motion be granted because Méndez met the requirements of 8 U.S.C. § 1326(d) by showing that he qualified for an exception to 8 U.S.C. § 1326(d)(1) since the record was bare of "any indication that he was afforded his due process rights to know he had a statutory right to an attorney on appeal at no cost to the government." (ECF No. 51 at 9).

Less than a week later, Méndez filed an informative motion which included "a series of documents that had gone undetected during prior preparation." (ECF No. 52 at 1-2). Méndez maintained that even with the additional documents, the R&R should remain "largely intact." (*Id.* at 2). Importantly, the series of documents included the Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) which explicitly stated that when appealing, "[y]ou may be represented by an attorney or representative who is authorized to appear before the Board. The Government will not pay for your attorney or representative, and an attorney or representative will not be provided to you." (ECF No. 52-1 at 5). As seen in the attached documents, Méndez signed the

form, attesting that he read the contents of the form. (*Id.* at 9). In response, the government maintained that Méndez failed to exhaust his administrative remedies, failed to seek judicial review, and cannot show that the removal order was fundamentally unfair. (ECF No. 56).

U.S. District Judge Aida M. Delgado-Colón returned the matter to me to consider the new evidence and submit a revised Report and Recommendation if the disposition changed. (ECF No. 57). After careful consideration, for the reasons set forth below, I recommend Méndez's motion to dismiss the indictment be **DENIED**.

## BACKGROUND

I start with a condensed summary of the relevant facts.[1] Méndez is a national of the Dominican Republic who illegally entered the United States in the 1990s and became a legal permanent resident in 2003. (ECF No. 1-1 ¶ 23(b)-(c)). He was arrested in Connecticut where, among other charges, he was charged with possession of narcotics, possession with intent to sell, and possession within a school zone. (ECF No. 36 at 3). He pled guilty, served 18 months, and when he was released, was detained by U.S. Immigration officials. (ECF No. 30 at 3-4). This places us in March 2006.

Méndez's proceedings before the immigration judge went as follows. He was notified in writing prior to each of his hearings that he could be represented, at no expense to the government, by an attorney and that he would be provided with a list of attorneys available. (DE C; GE 5, 6, 7, and 8; ECF No. 30-2). This was stated in his initial Notice to Appear and the subsequent Notice of Hearing in Removal Proceedings. (DE C; GE 5, 6, 7, and 8). At his first appearance before the Immigration Judge (IJ), Méndez was told, albeit clunkily if not clumsily, that he could be represented by an attorney in the proceedings before him if he so chose, but the Court could not provide him an attorney. (ECF

[1] A more detailed rendition of events can be read in the previous R&R. (ECF No. 51).

No. 30-4 at 2, 7-8). Méndez did not appear with an attorney at any point throughout the proceedings before the IJ.

At Méndez's final appearance before the IJ, the IJ ordered Méndez's removal from the United States. (ECF No. 30-4 at 48). When the IJ explained to Méndez that he had the right to appeal the decision, Méndez was unsure if he wanted to proceed with an appeal. (*Id.*). The IJ then explained to Méndez that the Court would give him an appeals package, that Méndez would need help filling it out because it was in English, and explained the process of sending the appeal to the Board of Immigration Appeals. (*Id.* at 48-49).[2] Méndez filed but ultimately withdrew his appeal in 2006. (ECF No. 30-8, 30-9).

Fast-forward a few years, Méndez was found in the United States on June 18, 2025, and a Grand Jury returned an Indictment against him charging him with re-entry of a removed noncitizen following a felony conviction in violation 8 U.S.C. § 1326(a) and (b)(1). (ECF No. 15). Méndez filed his motion to dismiss the indictment where he argued that he was not deportable under his state conviction, was not given the opportunity to retain counsel, denied the chance to litigate his pre-removal detention, and was not given the opportunity to appeal. (ECF No. 30). The government opposed, and Méndez replied. (ECF No. 36, 41). I held an Evidentiary Hearing on the matter where I again requested the appeal package but neither party was able to locate it. (ECF No. 48, 49).

In my initial R&R, I recommended that Méndez's motion to dismiss the indictment be granted because he satisfied each prong of 8 U.S.C. § 1326(d). (ECF No. 51). Importantly, he satisfied the administrative exhaustion prong because there was no evidence on the record that he was told of his statutory right to be represented by counsel on appeal. (*Id.* at 15). My Report was clear on the driving

---

[2] At the time of writing the previous R&R (ECF No. 51), the contents of the appeals package remained a mystery.

force behind this recommendation: the record "lack[ed] any indication that [Méndez] was afforded his due process right to know he had a statutory right to an attorney on appeal at no cost to the government." (ECF No. 51 at 9).

Subsequently, counsel for Méndez located and submitted the documents given to Méndez for him to appeal the IJ decision. (ECF No. 52-1). They included the Filing Receipt for Appeal, Briefing Schedule, General Instructions for completing the EOIR-26 form, and EOIR-26 form – also known as the Notice of Appeal from a Decision of an Immigration Judge form. (*Id.*). Counsel submitted both copies of the EOIR-26 that Méndez had filed. (*Id.* at 4-19). Each of the forms was signed by Méndez attesting that, among other things, he read all of the General Instructions. The General Instructions explicitly stated that he was allowed a lawyer or representative on appeal: "You may be represented by an attorney or representative who is authorized to appear before the Board. The Government will not pay for your attorney or representative, and an attorney or representative will not be provided to you." Méndez also added additional comments on the form:

> The reason I appeal this decision is because I have family here in the United States who I can go home to I simply requested to be removed voluntarily by was denied. I would like to pay relatives any condolences before leaving but was denied. I also don't understand any matter to what is going on with my case because I have no legal assistance to represent me I don't know all my rights and feel that by no counsel representation I am being violated all my rights.

(ECF No. 52-1 at 14) (cleaned up). The government's response recaps its earlier arguments and adds that Méndez "was provided with an appeals packet with a notice regarding legal representation on appeals before the BIA." (ECF No. 56 at 3).

**DISCUSSION**

Previously, I found that Méndez, while not satisfying the administrative exhaustion requirement, was able to show that he was subject to an exception because his due process rights were violated through a cumulation of errors – but crucially it was "this failure to inform Méndez of his

right to counsel on appeal following procedural missteps that placed into doubt whether the right to counsel was meaningfully effectuated." (ECF No. 51 at 15-16). And while I had considered all of Méndez's claims of error, I had determined that they did "not individually rise to the level of a due process violation." (*Id.* at 13). Now, the record is clear that Méndez was in fact informed of his right to retain counsel on appeal. And while the IJ did not clearly state so in open Court, this defect is cured by the form he clearly received and signed. *See United States v. Baez-Ortega*, 906 F. Supp. 740, 747 (D.P.R. 1995) (finding that verbal instructions by the IJ cured a defect of not providing a form informing the defendant of his right to appeal); *United States v. Fares*, 978 F.2d 52, 57 (2d Cir. 1992) (finding that lack of written notice of right to appeal *and* lack of verbal notice from IJ constituted error).

And without any evidence of a due process violation, Méndez cannot excuse his failure to pursue all the administrative remedies that were available to him. The case law is clear that a noncitizen "must have filed a motion to reopen, appealed to the Board of Immigration Appeals, and pursued all other administrative remedies available to him." *United States v. García-Duarte*, 2024 U.S. Dist. LEXIS 101410, at *8 (cleaned up); *United States v. DeLeón*, 444 F.3d 41, 50 (1st Cir. 2006) ("It is clear that appeal to the Board of Immigration Appeals (BIA) is such an administrative remedy, and that failure to take such an appeal constitutes as failure of exhaustion.").

This remains the case despite Méndez's expressing his general confusion and the language in Form EOIR-26. At the end of the day, at the immigration proceedings Méndez had a statutory right to be notified that he may be represented by an attorney at no expense to the government, he did not have a statutory right to be represented by an attorney throughout the proceedings. Under 8 C.F.R. § 1240.10: "In a removal proceeding, the immigration judge shall:

> (1) Advise the respondent of his or her right to representation, at no expense to the government, by counsel of his or her own choice authorized to practice in the proceedings and require the respondent to state then and there whether he or she desires representation;

(2) Advise the respondent of the availability of pro bono legal services for the immigration court location at which the hearing will take place, and ascertain that the respondent has received a list of such pro bono legal service providers.

(3) Ascertain that the respondent has received a copy of appeal rights."

*See also* 8 U.S.C. § 1362 ("In any removal proceedings before an immigration judge *and in any appeal proceedings* before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.") (emphasis added). Méndez was told that he could be represented by counsel at no expense to the government. (ECF No. 30-4 at 2, 7-8). Méndez was informed of pro bono legal services and given a copy of the list by the court. (ECF No. 30-2; 30-4 at 2, 7). And Méndez was given a copy of his appeal rights that we now know included his due process right to be notified that he could be represented by counsel on appeal. (ECF No. 52-1; ECF No. 30-4 at 48). No more is required.

Therefore, because Méndez was aware that he could be represented by an attorney on appeal if he so chose, his due process rights were not violated, and no exception to the administrative exhaustion requirement applies. Moreover, because failure to satisfy any of the requirements of § 1326(d) is fatal, the Court need not reexamine the other prongs. *United States v. Luna*, 436 F.33d 312, 317 (1st Cir. 2006) ("These elements are in the conjunctive; therefore, a defendant must satisfy all of them to successfully attack his removal order").

## CONCLUSION

For the aforementioned reasons, I recommend that Méndez's motion to dismiss the indictment be **DENIED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to it must be specific and must be filed with the Clerk of Court within fourteen days from the date it is filed. Failure to file timely and specific objections to

the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**.

In San Juan, Puerto Rico this August 14, 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge